Angela Swan, #213793
THE LAW OFFICES OF ANGELA SWAN,
A PROFESSIONAL CORPORATION
21151 South Western Avenue, Suite 177
Torrance, CA  90501
Office Telephone:      (310)755-2515
Facsimile:              (310)878-0349
Email:          aswan@angelaswanlaw.com

Attorney for Plaintiffs MELODY J. RODGERS; JUDY G. RODGERS; LUCILLE D. GAY; MELONY RODGERS; HARMONY RODGERS; SYMPHONY BROWN; and PRESTON BROWN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION-LOS ANGELES**

| | |
|---|---|
| MELODY J. RODGERS; JUDY G. RODGERS; LUCILLE D. GAY; MELONY RODGERS; HARMONY RODGERS; SYMPHONY BROWN; and PRESTON BROWN, individuals,<br><br>            Plaintiffs,<br><br>    vs.<br><br>STATE OF CALIFORNIA; LOS ANGELES COUNTY; DEPARTMENT OF CHILDREN AND FAMILY SERVICES; LOS ANGELES POLICE DEPARTMENT and CHILDREN'S LAW CENTER; and DOES 1 through 10, Inclusive,<br><br>            Defendants. | CASE NO.:  2:22-cv-02418-FMO-PLA<br>Courtroom:  6D<br>Dist. Judge: Hon. Fernando M. Olguin<br>Complaint Filed:  January 25, 2022<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANGELA SWAN, ESQ**<br><br>[PROPOSED VERIFIED SECOND AMENDED COMPLAINT AND REDLINED SECOND AMENDED COMPLAINT FILED CONCURRENTLY]<br><br>Original Complaint Filed:  12/18/2018<br>Hearing Date:  July 20, 2023<br>Hearing Time: 10:00am |

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

1

PLEASE TAKE NOTICE that on July 20, 2023, at 10:00 a.m., or as soon thereafter as the matter can be heard, in the courtroom 6D, located at the above-entitled Court, MELODY J. RODGERS; JUDY G. RODGERS; LUCILLE D. GAY; MELONY RODGERS; HARMONY RODGERS; SYMPHONY BROWN; and PRESTON BROWN ("Plaintiffs") will, and hereby does, move for an Order granting Plaintiffs leave to file a Second Amended Complaint and ordering that the [Proposed] Second Amended Complaint submitted with this Motion be deemed filed.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, on all the files and records of this action, and on any additional material that may be elicited at the hearing of this Motion.

DATED: June 15, 2023

THE LAW OFFICES OF ANGELA SWAN, APC

By: /s/ Angela Swan

Angela Swan, Esq.,
Attorney for
BILLY EDWIN WADDELL

---

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure, rule 15(a).

On January 25, 2022, Plaintiffs filed an Original Complaint and July 26, 2022, a First Amended Complaint was filed prematurely, before it was thoroughly reviewed. Plaintiffs' FAC was filed missing material facts, which the Proposed Second Amended Complaint now contains.   [**Exhibit 1**]

Plaintiffs allege that their Civil Rights and Due Process Rights were violated by the State of California and other co-defendants since 2016; Plaintiff MELODY J. RODGERS' children were removed from her custody without probable cause.  Plaintiff MELODY J. RODGERS alleges that false reports were written by the LAPD, Defendant DCFS, and other co-defendant, which caused her to lose her parental rights.

### A. The Effect of the Amendment

Plaintiffs' Amended Complaint, Dkt. No. 25., was mistakenly filed, July 26, 2022, prior to a complete review, as a result to staff shortage due to COVID-19.

Here, Plaintiffs are only requesting to amend their First Amended Complaint according to the material facts that are more detailed and clearer, which should be best for all Parties.

Plaintiffs file a Motion for Leave to File a Second Amended Complaint with Plaintiffs' [Proposed] Second Amended Complaint, which does not cause any prejudice to Defendants and should be permitted.

### B. Identification of Page and Line Number(s) and Wording of Proposed Change

*Page 7; lines 16, 19*:  Plaintiff MJR and her children became homeless due to financial hardship.  *Page 9; lines 7-8*: Kedren Community Health Center ("Kedren") with a Psychiatrist…*Page 9; lines 9-10:*  …after evaluation, she was not recommended

medication.  *Page 9; lines 11-12*:  During the month of December 2016, Plaintiff MJR underwent online services with a therapist.  *Page 10; lines 6-7*:  …regarding the removal of Plaintiff MJR's children.  *Page 7; lines 16, 19*:  …without cause…*Page 12; line 15*:  …the Restraining Order…*Page 14; line 12*:  …Juvenile Dependency Court made an order to detain…*Page 14; lines 26-27*:  …at the Detention Hearing…*Page 24; line 27*:  …she had not received Notice.  *Page 15; line 1*:  …perform due diligence in attempting…*Page 15; lines 1-2*:  …Notice for the Detention Hearing.  *Page 16; lines 2-3*:  …Removal Order to Detain… *Page 16; line 11*:  …Plaintiff MJR's Federal Constitutional Rights… *Page 16; line 27*:  …which she was exonerated  from all charges.  Plaintiff MJR children… *Page 18; line 3*:  …were detained… *Page 18; line 4*:  …appeared at the Initial Detention Hearing pursuant… *Page 18; line 3*:  …forty-eight… *Page 18; lines 9-10*:  …hour Detention… *Page 18; line 11*:  …Due Process Rights.  Although, Plaintiff MJR… *Page 18; line 23*:  …Court-Appointed Attorney… *Page 18; lines 23-24*:  …MJR, signed… *Page 19; line 3*:  …Amended Section… *Page 19; line 4*:  …Amended Petition… *Page 19; line 16*:  …2019… *Page 19; line 21*:  …denied Plaintiff MJR's her right to… *Page 19; lines 22-23*:  …on behalf of Plaintiff MJR… *Page 19; line 23*:  …Defendant SUN continued… *Page 19; line 24*:  …opposing side and… *Page 19; line 27*:  …Section 300 Petition Hearing, Defendant CLC's Appointed Attorney… *Page 20; line 8*:  …on December 17, 2021… *Page 20; line 9*:  …Foster Mom, Clark,… *Page 20; line 5*:  …in court,… *Page 20; lines 11-13*:  …MJR called Clark, she told her that she was still waiting to testify, but was told to come back later.  Mother… *Page 21; line 5*:  …the incident… *Page 21; line 18*:  …Plaintiff MJR's purported… *Page 21; lines 20-21*:  …when Defendant DCFS's Social Worker Investigator knew… *Page 22; line 17*:  …Dependents of the Court and made an order to… *Page 23; lines 3-5*:  …MJR was exonerated from all charges due to self-defense, Defendant DCFS's Social Workers committed perjury in open Court and announced that Plaintiff MJR… *Page 23; line 21*:  …her grandchildren… *Page 23; line 22*:  …Dispositional Hearing… *Page 26; line 7*:  …MJR posed a danger to her children… *Page 26; line 8*:  …operative Restraining Order… *Page 27; lines 14-15*:  …non-ailments… *Page 27; line 16*:  …Notice of Intent…

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

4

*Page 27; lines 17, 22*: …Petition for Writ… *Page 27; lines 23-24*: …litigant, filed a Petition for Extraordinary Writ Relief… *Page 29; line 20*: RELEVANT INFORMATION. *Page 29; line 24*: …subordinates…*Page 29; line 27*: …Injunctive Relief…

## II. ARGUMENT

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." In re *Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387.

### A. Bad Faith

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Plaintiffs' Amended Complaint filed, July 26, 2022, lacks material facts and Plaintiffs want to amend their FAC to include pertinent facts. In the record before the Court, there is no indication of a bad faith purpose for Plaintiffs' Motion.

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

5

This Court will find that the desire to amend is not in bad faith and is motivated by Plaintiffs' First Amended Complaint mistakenly being filed prematurely, without being thoroughly reviewed.

### B. Undue Delay

Plaintiffs maintain that there has been no undue delay in seeking leave to amend their First Amended Complaint.

"[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); see also *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, undue delay combined with other factors may warrant denial of leave to amend. See, e.g., *Jackson*, 902 F.2d at 1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").

Plaintiffs' Amended Complaint filed, July 26, 2022, lacks material facts and Plaintiffs want to amend their FAC to include the missing material facts.

This case remains in the early stages of litigation, with discovery ongoing; therefore, undue delay does not exist.

### C. Prejudice to the Opposing Party

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). However, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco*

*Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009).

Here, Plaintiffs are only requesting to amend their Complaint to include material facts that were not included before the FAC was filed, which should be best for all Parties and "Discovery" is still open; the quality of evidence still exists.

### D. Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). The standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6). Id.

However, an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "When a plaintiff seeks to amend a complaint to state a new claim against an original defendant . . . the district court . . . compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading…'" *Percy v. S.F. General Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) (citation omitted). The key question is whether the operative facts are similar enough to "impart fair notice of the transaction, occurrence, or conduct called into question." *Martell v. Trilogy LTD*, 872 F.2d at 327. The Ninth Circuit has made clear that the emphasis is not on the legal theory asserted by Plaintiff, but rather on the operative facts of the claim. *FDIC v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1998).

Here, Plaintiffs' [Proposed] Second Amended Complaint arises "out of the conduct . . . set out" in the original complaint and FAC. *Martell,* 872 F.2d at 325 (9th Cir. 1989).

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

7

### E. Previous Amendments

Although, Plaintiffs filed an Amended Complaint, July 26, 2022, Dkt. No. 25, it was filed by mistake, prior to a complete review. Pursuant to Federal Rule of Civil Procedure, rule 60(a), Plaintiffs are requesting that they could have leave to amend their Amended Complaint, Dkt. No. 25.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); see, e.g., *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given);

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983)

The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 186 (9th Cir. 1987).

Plaintiffs' Motion for Leave to Amend is in good faith and as the aforementioned demonstrates, good cause exists.

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

8

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully seek leave of this Court to file the [Proposed] Second Amended Complaint.

DATED:  June 15, 2023

Respectfully submitted,
THE LAW OFFICES OF ANGELA SWAN, APC

By: /s/ Angela Swan
Angela Swan, Esq.,
Attorney for Plaintiffs

**DECLARATION OF ANGELA SWAN, ESQ.**

I, Angela Swan, declares:

I am an attorney at law duly licensed to practice before all courts within the State of California. I have been so licensed since June 5, 2001. I have practiced Civil Law litigation for over 22 years.

Unless otherwise stated upon information and belief, I make this declaration of my own personal knowledge. If called upon to testify, I could and would testify to the truth.

This declaration is submitted in support of Plaintiffs MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, and it is made in good faith, with substantial justification, as follows:

On January 25, 2022, Plaintiffs filed an Original Complaint and July 26, 2022, a First Amended Complaint was filed prematurely, before it was thoroughly reviewed. Plaintiffs' FAC was filed missing material facts, which the Proposed Second Amended Complaint now contains.

Plaintiffs allege that their Civil Rights and Due Process Rights were violated by the State of California and other co-defendants since 2016; Plaintiff MELODY J. RODGERS' children were removed from her custody without probable cause. Plaintiff MELODY J. RODGERS alleges that false reports were written by the LAPD, Defendant DCFS, and other co-defendant, which caused her to lose her parental rights.

Plaintiffs' Amended Complaint, Dkt. No. 25., was mistakenly filed, July 26, 2022, prior to a complete review, as a result to staff shortage due to COVID-19.

Plaintiffs are only requesting to amend their First Amended Complaint according to the material facts that are more detailed and clearer, which should be best for all Parties.

Plaintiffs' [Proposed] Second Amended Complaint does not cause any prejudice to Defendants and should be permitted.

This Court will find that the desire to amend is not in bad faith and is motivated by my clients' First Amended Complaint mistakenly being filed prematurely, without being completed.

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Further, this case remains in the early stages of litigation, with discovery ongoing; the quality of evidence still exists.

Plaintiffs' Motion for Leave to Amend is in good faith and as the aforementioned demonstrates, good cause exists.

The undersigned, declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on the 15th day of June 2023, at Torrance, California.

_____
ANGELA SWAN, Esq., Declarant

---

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

11