**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELODY J. RODGERS, et al., | Case No. CV 22-2418 FMO (PLAx) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| JUDGE SUN, et al., | |
| Defendants. | |

On December 28, 2021, plaintiffs initiated this action in the United States District Court for the Eastern District of North Carolina by filing a document entitled "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 1441" (Dkt. 1-2), accompanied by an "Application to Proceed in District Court Without Prepaying Fees or Costs[.]" (Dkt. 1). On April 8, 2022, the court in North Carolina transferred this action to the Central District of California on the grounds that venue was not proper in the Eastern District of North Carolina. (See Dkt. 15, Court's Order of April 8, 2022). On July 26, 2022, plaintiffs filed the operative First Amended Complaint (Dkt. 26, "FAC").

By order dated June 7, 2023, plaintiffs were ordered to show cause, on or before June 15, 2023, why this action should not be dismissed for plaintiffs' failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.[1] (See

---

[1] All further "Rule" references refer to the Federal Rules of Civil Procedure, unless otherwise noted.

Dkt. 30, Court's Order of June 7, 2023). Plaintiffs were admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Although plaintiffs subsequently filed a [] Motion for Leave to File a Second Amended Complaint [] (Dkt. 31, "Motion"), plaintiffs never effected service on any defendant. (See, generally, Dkt.). Nor does plaintiffs' Motion address that failure. (See, generally, Dkt. 31, Motion at 3, 5). At most, plaintiffs state that "Plaintiffs' Amended Complaint, Dkt. No. 25., was mistakenly filed, July 26, 2022, prior to a complete review, as a result to staff shortage due to COVID-19." (Id. at 3). But this remark does nothing to explain plaintiffs' delinquency during the intervening 11 months between the filing of their FAC and the Court's Order, or to relieve them of their obligation to serve process in accordance with Rule 4(m).[2] See C&SM Int'l v. Xiang Hong Du, 2018 WL 6070940, *1 (C.D. Cal. 2018) (dismissing case without prejudice where plaintiff responded to an order to show cause for failure to serve process by filing a motion to amend their complaint).

Plaintiffs may not use a request to amend their complaint in order to evade their obligation to timely serve process, for amending a complaint does not extend the time to serve process. See 28 Fed. Proc., L. Ed. § 65:87 (2023) ("Generally, the period of time for service of process in a federal proceeding runs from the date of the original complaint and not the amended complaint; a court permits amended complaints so that the pleadings will conform to the developing evidence and not to enable plaintiffs to extend the time for service indefinitely."); Veros Software, Inc. v. First Am. Corp., 2008 WL 11338610, *2 (C.D. Cal. 2008) ("[T]he filing of the amended complaint does not reset the service clock at zero.") (internal quotation marks omitted). Rule 4(m) of the Federal

---

[2] Additionally, the court notes that neither plaintiffs' FAC nor their Proposed Second Amended Complaint [] (Dkt. 31-1, "PSAC"), deal with the concerns the court expressed in its Order of April 25, 2022. (See Dkt. 18, Court's Order of April 25, 2022) (explaining that the court likely lacks subject matter jurisdiction over plaintiffs' claims). The court is also perplexed by plaintiffs' claim that their FAC was "filed prematurely[,]" (Dkt. 31, Motion at 3), given that it was plaintiffs themselves who requested to file it, (see Dkt. 14, Motion to Amend []), and given that plaintiffs were given extra time in order to do so. (See Dkt. 24, Court's Order of June 6, 2022).

Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

      Pursuant to Rules 4(m) and 41(b), and the court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order of June 7, 2023 (Dkt. 30), is appropriate.  Accordingly, IT IS ORDERED that the above-captioned case is dismissed without prejudice for failure to effect service and comply with the orders of this court.

Dated this 14th day of July, 2023.

                                      /s/
                            Fernando M. Olguin
                          United States District Judge